SWEETMAN v. LAREDO ELECTRIC & RY. CO. (No. 6056.)

(Court of Civil Appeals of Texas. San Antonio. June 15, 1918. Rehearing Denied July 1, 1918.)

1. MASTER AND SERVANT &#9758;192(1) — RELATION.

Where soldiers, not under the control of defendant, were placed on guard around his power plant in the interest of the general public by the United States military authorities during a warlike situation, to suppress a hostile invasion, which was imminent, and not at defendant's request, defendant was not liable to a servant, shot through the negligence of a soldier, although, if he were master of the soldiers, he would be liable.

2. APPEAL AND ERROR &#9758;1050(2)—HARMLESS ERROR—EVIDENCE.

In action against master for injuries occasioned by a soldier guarding defendant's plant, where it clearly appeared that the soldier was not a servant, testimony relevant only to the question of whether the soldier was negligent, if improperly admitted, was not reversible error.

Appeal from District Court, Webb County; J. F. Mullally, Judge.

Suit by W. H. Sweetman against the Laredo Electric & Railway Company. Judgment for defendant, and plaintiff appeals. Affirmed.

Paul W. Evans, of Laredo, for appellant. Greer & Hamilton, of Laredo, for appellee.

SWEARINGEN, J. This is a suit by W. H. Sweetman, the appellant, brought against the Laredo Electric & Railway Company, appellee, to recover damages alleged to have been inflicted upon appellant by being shot, while performing the duties of an employé of appellee, by a United States soldier, who was guarding appellant's power plant. The cause was submitted to the jury in a general charge. A general verdict was returned in favor of appellee, in accordance with which judgment was rendered.

Appellant alleged that appellee had requested and obtained, and was employing, certain soldiers to act as guards of appellee's power plant, and contiguous yard, land, and ground; that the soldiers were thus employed in the business of appellee, and were under its instructions, or if the soldiers were not employés of appellee, yet appellee knew that they were guarding its property, and knew the danger incident thereto to its employé, the appellant, yet failed to warn appellant of their presence and of the danger thereof, allowing appellant to remain in ignorance of the presence of such dangerous instrumentality as the said guard. It is also alleged that appellee was negligent in its duty to its employé, the appellant, because it failed to notify the soldiers on guard not to injure appellant when he should enter the premises to pursue his usual employment in the usual manner. It was alleged that appellant was in the employ of appellee, and while in the performance of the duties of his employment was negligently injured by being shot by the soldiers on guard. The injuries and damages were alleged.

A general demurrer and denial were presented in the answer, which also specially alleged:

"That at the time of the injury to plaintiff there was a general alarm among the people of Laredo, and a feeling and common belief that the city was going to be attacked by Mexicans from across the river, and the United States army officers stationed at Ft. McIntosh, on the western edge of the city, especially believed and thought that the city was going to be so attacked; and to guard against the same and prevent calamitous results to the citizens of Laredo, as well as to the troops and soldiers so stationed in Laredo, said army officers placed guards at the bridges reaching across the river, at the waterworks plant, at all bridges of importance between Laredo and San Antonio on the International & Great Northern Railway, the United States post office building, the local telephone exchange, and around the plant and grounds of this defendant, as well as guards at various places up and down the Rio Grande from Laredo, all of which was done by said army officers as a military precaution, for the protection of the inhabitants of the city of Laredo, as well as the United States soldiers and army stores at Laredo. That said guards at defendant's plant were placed there as an act of military necessity, and not as the agents or employés of defendant. That defendant paid them nothing, and had no control over them. That they were not under its orders, nor stationed at any particular place in or around defendant's plant by defendant's direction or suggestion. That said guard was entirely independent of all control or suggestion by this defendant. It fur-

ther alleges that, to ameliorate the dangers incident to and for the convenience of its employés, and for their protection, as well as for the protection of its own property, defendant had a designated place near the northwest corner, and in the opposite direction from the point of the expected attack, from which employés and others having legitimate business with the plant were to enter and leave, and all employés were notified thereof, and that the same was a rule of the company. But plaintiff, in utter disregard of such precaution and rule, and in violation thereof, carelessly and negligently attempted to enter said premises from the direction from which an attack was expected, and not from the place so designated by this defendant; and, when so approaching, the guard so placed at said point or place, twice commanded the plaintiff to halt, but, instead of obeying said command, the plaintiff continued to advance toward said premises, when the soldier so on guard fired his gun, and the plaintiff was wounded."

Appellant specially excepted to the above-quoted portion of the answer, the overruling of which exception is the basis of the first assignment. The facts are that appellant was shot by United States soldiers, while in the performance of the duties for which he was employed by appellee, about midnight, in the city of Laredo. The United States of America and the governing power of the republic of Mexico were in an "imperfect" state of war at the time. It was believed that hostile raids would be attempted by Mexican soldiers, and the regular army officials, in the performance of their duty, undertook to guard the public against the destruction of light plants, waterworks, transportation, and public buildings. The soldiers put on guard at appellee's plant were there by order of the commanding general of the United States Army for the protection of the public interests, and were not there in the private interest of appellee, and were not under his instructions or control, nor at his request. The relation of master and servant did not exist between appellee and the soldiers. Appellant was mistaken by the soldiers for a raider and shot.

The following facts are relevant to the allegation that appellee, the master, was negligent in the fulfillment of his duty to warn appellant, his servant, of the danger created by the presence of the armed guard, which danger was unknown to appellant: That the soldiers were guarding the power plant was known to both appellee and appellant. The necessity, purpose, and manner of guarding was known to both. The plant was inclosed by a wall or fence, with two gates for ingress. Entrance through the gates was free of danger from the soldiers. There was a hole broken into the brick wall in the rear of the plant, and it was by way of this hole that appellant entered the night he was shot. There was positive testimony that one of the soldiers called twice to appellant to halt, loud enough to be heard by appellant above the noise of the machinery in operation. Appellant did not heed the command, which caused the shooting. On the other hand, appellant testified that it was the custom of the

employés to enter the plant through this hole in the wall as he did, and that he was not challenged, but was shot without warning. The injuries and loss were of course proven.

[1] The first assignment complains of the order of the court overruling appellant's special exception to that portion of appellee's answer containing the defense of "military necessity." The assailed defense is quoted above in our description of appellee's answer. The overruled exception thereto is as follows:

"Again comes the plaintiff and specially excepts to said first amended original answer, and particularly specially excepting to the first section of the third paragraph of said first amended original answer, and says that the same is wholly insufficient in law and sets up no defense to the plaintiff's cause of action herein, for this: That in the absence of a proclamation, and the establishment of martial law, there is no such thing known to the law as 'military necessity'; and rumors and the acts and beliefs of the United States army officers stationed at Ft. McIntosh, on the western edge of the city of Laredo, did not authorize such army officers to take forcible possession and control of the defendant's plant and grounds; and defendant's permission or invitation to such army officers to take possession and control of its said plant and grounds in no sense and to no extent relieved defendant of its duty and responsibility to furnish its servants, plaintiff among them, with a safe place to work and with safe means of ingress and egress to and from such plant and grounds."

The exception was properly overruled. There are two counts against appellee in the petition. The first charges that appellee is liable for the negligence of the soldiers, because they were its servants; the second charges that appellee is liable for its own negligence in failing to warn appellant of the danger of the patrol. Appellant alleged facts tending to show that the soldiers were the servants of appellee for the purpose of holding the master liable for the negligence of the soldiers and that the shooting was negligence. If the act of shooting was negligence on the part of the soldiers, then appellee would be liable for this negligence, if he were the master of the soldiers. This is expressly held in the case of T., N. & O. Ry. v. Parsons, 102 Tex. 157, 113 S. W. 914, 132 Am. St. Rep. 857, where the master was held liable for the negligent shooting by his employé of a trespasser. In that case the defense was that the negligent act was by a deputy sheriff, and not by an employé. The Supreme Court held that the officer was in the performance of a duty devolved upon him by his employment as a servant, and did not do the act in his capacity of an officer. Lipscomb v. Railway, 95 Tex. 5, 64 S. W. 923, 55 L. R. A. 869, 93 Am. St. Rep. 804; Bas v. Tingy, 4 Dall. 36, 1 L. Ed. 732; Montoya v. United States, 180 U. S. 261, 21 Sup. Ct. 358, 45 L. Ed. 521; Arce v. State, 202 S. W. 951 (opinion by Court of Criminal Appeals April 17, 1918).

The allegation of appellee, assailed by the special exception, specifically denies that appellee, was the master, and denies the soldiers were its servants. To the better deny this, the answer alleged that the soldiers were not under the control of appellee, were not requested by it to be placed on guard, and were not engaged for its private interest, but were placed there in the interest of the general public, by the United States military authorities, during a warlike situation between this nation with an enemy nation, to suppress a hostile invasion, which was imminent. If this allegation were proven, and we find, in deference to the verdict of the jury, supported by the overwhelming weight of the evidence, if not the uncontradicted evidence, that it was proven, appellee would not be liable for the negligence, if any, of the soldiers in erroneously mistaking an employé for a marauder, and because of this error of judgment wounding the employé. If appellee was not liable as a master for the negligence of the soldiers, then the only issue of negligence pleaded by appellant was that appellee was himself negligent, because he failed to warn the appellant, who was his employé, of the danger incident to the presence of armed soldiers stationed at the plant to prevent Mexican depredations, or failed to caution the soldiers that appellant would enter the plant through a hole in the wall, instead of the gate, and warn them not to shoot him. Because the answer was a complete defense against appellee's liability as master of the soldiers, it should not have been stricken out, even though appellee may have been liable because of the other allegations, viz. that appellee was himslf negligent, because he failed to warn appellant of the danger from the soldiers, or failed to caution the soldiers not to shoot appellant. The first assignment is overruled.

The seventh paragraph of the court's general charge, assailed by the second assignment, correctly presented appellee's defense to appellant's allegation that appellee was negligent, in that he failed to warn appellant of the danger. The allegation is that it was the master's duty to warn his servant of the danger, and that he was negligent in the performance of this legal duty. The pleadings unquestionably present this issue. There was evidence that the gates were the provided places of ingress and were made safe by appellee. There was evidence that the master posted notices of the danger and that this was sufficient warning. There is at least sufficient evidence that the master used diligence to warn appellant to justify the jury to so find, and their conclusion will bind us. The second assignment is overruled.

[2] The third assignment complains of the admission of testimony, by one of the soldiers who composed the guard, that they expected an attack would be made by Mexican soldiers on the power plant that night, and expected it to be made from the direction of the hole in the wall. This testimony is

only relevant to the question of whether the soldier was guilty of negligence in shooting the appellant under all the circumstances. We have determined that appellee was not the master of the soldiers, hence, would not be liable for their acts as master, even if the soldiers were negligent; and we have stated that the only thing for which appellee could be charged with negligence would be his failure to exercise ordinary care to warn appellant of the danger. It therefore follows that the admission of this testimony could not change the judgment in this case, and is not reversible error. Rule 62a (149 S. W. x). We overrule the third assignment.

The fourth assignment is too general to authorize us to consider it.

The judgment is affirmed.